```
                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF KANSAS
```

**TINA JOHNSON,**

                **Petitioner,**

        v.                        CASE NO.  09-3215-RDR

**UNITED STATES,**

                **Respondent.**

## O R D E R

This pro se pleading was submitted by an inmate of the "FMC Carswell" in Fort Worth, Texas. It was filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 based upon its content. Petitioner is serving a three-year federal sentence for money laundering, for which she was sentenced in the District of Kansas.

Petitioner alleges she is seeking "enforcement of halfway house placement in conformity with the Second Chance Act." She contends that under the Act she is entitled to have Bureau of Prisons (BOP) officials consider her placement in a halfway house at 12 months before her projected release date. She further contends that the BOP has repeatedly violated the Second Chance Act, and that it appears she will only be considered for a 10% pre-release preparation date, which she alleges has been found to violate the Act. Petitioner intimates she has not exhausted administrative remedies, as she claims exhaustion should be excused because it would be futile. She apparently seeks an order compelling the BOP to consider her "in good faith" for "12 months halfway house placement."

The court construes this pleading as a habeas corpus petition

under 28 U.S.C. § 2241, which is the provision used by a federal prisoner to challenge the execution of her sentence. The claims raised in the pleading are clearly challenges to the execution of Ms. Johnson's sentence.

Petitions for habeas corpus under § 2241 may only be brought in the district of the petitioner's confinement. Petitioner is not confined within the District of Kansas. It follows that Ms. Johnson has filed her petition in the wrong judicial district[1].

Carswell FMC is in Fort Worth, Texas. The City of Fort Worth lies in Tarrant County, which is located within the Northern District of Texas, Fort Worth Division. See 28 U.S.C. § 124(a)(2). This action should have been filed in this District in Texas. This court has authority to transfer this case, in the interest of justice, to the proper judicial district. 28 U.S.C. § 1406(a)(A district court may transfer a case filed in the wrong district "in the interest of justice, . . . to any other district or division in which it could have been brought."). The court finds it is in the interest of justice to transfer this action.

**PROVISIONAL LEAVE TO PROCEED IN FORMA PAUPERIS**

This court provisionally grants leave to proceed without prepayment of fees, despite petitioner's failure to file a motion with her pleading, for the sole purpose of transferring this action to Texas. Petitioner is advised to either pay the filing fee or submit a proper motion to proceed without prepayment of fees to the

---

[1] Petitioner might have meant for this matter to be filed in the sentencing court. However, her claims do not appear to be challenges to her sentence or conviction, which must be filed in the sentencing court pursuant to 28 U.S.C. § 2255. Petitioner states she has not filed a § 2255 motion.

transferor court in accordance with its rules and procedures.

This court expresses no opinion as to the merits or the exhaustion issues in this case. These matters will be decided in the transferor court.

**IT IS THEREFORE ORDERED** that leave to proceed without prepayment of fees is provisionally granted to petitioner for the sole purpose of transferring this action to the proper judicial district.

**IT IS FURTHER ORDERED** that this action is transferred to the Northern District of Texas, Fort Worth Division, for all further proceedings.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

**DATED:** This 16th day of October, 2009, at Topeka, Kansas.

<u>s/RICHARD D. ROGERS</u>
**United States District Judge**